UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| JULIE SHERTZER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-0856-RLY-TAB |
| | ) | |
| STRYKER CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON SEPTEMBER 26, 2008, INITIAL PRETRIAL CONFERENCE**

The parties appeared by counsel on September 26, 2008, for an initial pretrial conference.

Argument was held regarding Defendant's motion to stay discovery.  [Docket No. 26.]  For the

reasons set forth at the conference, and as set forth below, the Court granted the motion and set

certain deadlines also noted in this order.

Defendants seek a stay of discovery for a variety of reasons.  [Docket No. 26.]

Defendants' reasons are well taken.  In brief, Plaintiff filed what Defendants rightly

characterized as a 10-count "scattershot" complaint, followed by what can fairly be characterized

as overbroad discovery despite the failure to engage in the conference required by Fed. R. Civ. P.

26(f).  Plaintiff was given an opportunity at the conference to specify what discovery, if any, was

needed to respond to the motion to dismiss and the motion for summary judgment Defendants

filed [Docket Nos. 10, 13], but was unable to do so.  The pending motion for summary judgment

presents a substantial question as to preemption of some or all of Plaintiff's claims in light of

*Riegel v. Medtronic*, __ U.S. __, 128 S.Ct. 999 (2008).

Plaintiff's main argument in support of discovery was that she needed discovery to

respond to two documents submitted in support of the motion to dismiss.  These documents, however, are publicly available documents of the U.S. Food and Drug Administration, and Plaintiff does not contest their authenticity.  As a result, the submission of these documents does not support Plaintiff's request for discovery.  *See Horne v. Novartis Pharms. Corp.*, 541 F. Supp.2d 768, 777 (W.D.N.C. 2008) (records appropriate for judicial notice in a Rule 12(b)(6) motion to dismiss include FDA documents).

Accordingly, Defendants' motion to stay discovery [Docket No. 26] is granted.  Plaintiff shall have until October 27, 2008, to respond to the pending motion to dismiss and for summary judgment.  In addition, Plaintiff shall file a notice with the Court no later than October 14, 2008, indicating whether Plaintiff will dismiss Defendant Stryker Corporation from this case, as it appears that Stryker did not manufacture or sell the product in question.  If Plaintiff does not intend to dismiss Stryker, Plaintiff shall cure any defects in service on Stryker by October 14, 2008.  The proposed Case Management Plan [Docket No. 28] is denied.

Dated: 10/06/2008

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Douglas B. Bates
STITES & HARBISON, LLP
dbates@stites.com

Stephen B. Caplin
CAPLIN PARK TOUSLEY & MCCOY
sbcpc@yahoo.com

Robert M. Connolly
STITES & HARBISON PLLC
rconnolly@stites.com

Bruce Benjamin Paul
STITES & HARBISON, LLP
bpaul@stites.com