UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JULIE SHERTZER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:08-cv-0856-DFH-TAB |
| ) | |
| HOWMEDICA OSTEONICS CORP., ) | |
| ) | |
| Defendant. ) | |

ENTRY ON MOTIONS TO DISMISS

Defendant Howmedica developed, tested, and manufactured the Trident Ceramic Acetabular System, an artificial hip replacement device used in patients requiring total hip arthroplasty or replacement. On January 29, 2004, a Trident was implanted in plaintiff Julie Shertzer. Some time after the Trident was implanted in her, Shertzer "heard an audible sound emanating from the location of the Initial Implanted Trident," and she "experienced constant irritation and discomfort." Amended Complaint ¶¶ 20-21.

Shertzer sued Howmedica for its manufacture of and its representations about the Trident. She originally brought ten claims. Over the course of litigation, she dismissed three, leaving seven claims for decision by the court. Those claims are strict liability for defective manufacture (Count I), negligent manufacture (Count IV), breach of express warranty (Count V), breach of the

implied warranty of fitness for a particular purpose (Count VI), breach of the implied warranty of merchantability (Count VII), and violations of the Indiana commercial fraud statute, Indiana Code § 35-43-5-3(a)(9) and (a)(2) (Counts VIII and IX).

Howmedica moved to dismiss all of Shertzer's remaining claims pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Based on *Riegel v. Medtronic, Inc.*, 552 U.S. —, 128 S. Ct. 999 (2008), Howmedica argues that all of Shertzer's claims should be dismissed as expressly preempted under the Medical Device Amendments Act of 1976, 21 U.S.C. § 360k. In the alternative, Howmedica argues that Shertzer's negligence, breach of express warranty, and statutory deception claims should be dismissed because they are not pled properly and that her express warranty claim and statutory deception claims should be dismissed based on the statute of limitations.

Howmedica also is a defendant other cases brought by different plaintiffs asserting nearly identical claims pending in this court concerning the Trident, and Howmedica filed a nearly identical motions to dismiss those cases, raising these same arguments. *Hofts v. Howmedica Osteonics Corp.*, Case No. 1:08-cv-00855-DFH-TAB, Dkt. 10, 24; *Means v. Howmedica Osteonics Corp.*, Case No. 1:08-cv-00334-DFH-JMS, Dkt. 20, 50. The court heard oral argument on Howmedica's motion in *Hofts* on January 16, 2009, and denied the motion orally. On February 11, 2009, the court issued a more detailed written entry explaining the

reasons for its bench ruling. *Hofts v. Howmedica Osteonics Corp.*, 2009 WL 331470 (S.D. Ind. Feb. 11, 2009). For the reasons explained in that entry, Howmedica's motion to dismiss Shertzer's claims is also denied.

The defendant's motion for leave to file supplemental authority in support of its motion to dismiss (Dkt. 65) is granted. Its motion to dismiss (Dkt. 10) is denied. Its request for oral argument on that motion (Dkt. 12) and its motion to strike plaintiff's supplemental authority (Dkt. 60) are also denied as moot.

So ordered.

Date: March 3, 2009

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

-4-

Copies to:

Douglas B. Bates
STITES & HARBISON, LLP
dbates@stites.com, nbolin@stites.com, mbaugh@stites.com

Stephen B. Caplin
CAPLIN PARK TOUSLEY & MCCOY
sbcpc@yahoo.com, joni_strahl@hotmail.com

Robert M. Connolly
STITES & HARBISON PLLC
rconnolly@stites.com,eberutti@stites.com, elamb@stites.com, tpitcock@stites.com,
bwalker@stites.com

Bruce Benjamin Paul
STITES & HARBISON, LLP
bpaul@stites.com, chammett@stites.com

Douglass A. Kreis
AYLSTOCK WITKIN KREIS & OVERHOLTZ
803 North Palafox Street
Pensacola, FL 32501